# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| BRIAN K. SANDERS, | ) | |
|---|---|---|
| | ) | Case No. 1:18-cv-212 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| USA and TN & USPO, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Plaintiff Brian K. Sanders, a federal prisoner confined at the Beckley Federal Correctional Institution in Beaver, West Virginia, filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401, 2671 *et seq*. (Doc. 1.) The Court previously granted Plaintiff leave to proceed *in forma pauperis* (Doc. 7) and will now screen Plaintiff's complaint in accordance with the Prison Litigation Reform Act ("PLRA").

### I.   FACTS

In his complaint, Plaintiff alleges:

> I was arrested and charge[d] with a federal crime against the UNITED STATES By the USA/AUSA/ED TN & False & Incorrect/Inaccurate information was place[d] in my PSI/SOR that violated my rights as a CITIZEN within the State of TN under the 1956 & 1957 State & Federal Jurisdictional Act "Analysis of State Constitutional provisions and statutes of general effect concerning the acquisition of legislative jurisdiction by the United States. Tennessee General acts of cession repealed (Section 1, Tennessee Acts, 1943, Chapter 10). Which makes the actions imposed in Case # [1:09-cr-00098-13] Null and Void; and the Non-response by the Government and attempt to get an Extension of Time filed 06/27/2018 was indeed Fraud upon the Court and is in "Default Status" therefore this claim is ripe for settleing [sic] without further Delays w/Motion for Summary Judgment.
>
> . . .

> Now base[d] on what the Government and USPO has put me through, I have suffered two kinds of PTSD & PTSI in violation under the (FTCA) 28 USCS §§ 1364, and 2671-2680 while being held by actions of officers acting under the USA/USPO and others known and unknown.
>
> . . .
>
> The Extent of my injury where my Mind, Body & Soul has been put through a test after being place[d] in my present conditions with no disregards for my Life, Liberty and the Pursuit of Happiness, not to include the lost of love ones since being place in my current conditions . . . .

(Doc. 1, at 1.) Although not clear, it appears Plaintiff is alleging that, by including false or incorrect information in his presentence report, his confinement is somehow improper and he has suffered from post-traumatic stress disorder as a result. Based on these allegations, Plaintiff is asserting claims under the FTCA against the United States, the United States Probation Office, and the Tennessee Probation Office. (*See generally id*.)

## II. LEGAL STANDARD

Under the PLRA, district courts must screen prisoner complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)–(b). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by

2

lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim for relief. *Twombly*, 550 U.S. at 555, 570. Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are also insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

**III.    ANALYSIS**

Although the precise nature of Plaintiff's allegations and claims is unclear, any claims advanced under the FTCA must be dismissed because he has not exhausted his administrative remedies. Under the FTCA,

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a); *see also Wilson v. United States*, 93 F. App'x 53, 54 (6th Cir. 2004) (affirming dismissal of federal inmate's FTCA claims where the plaintiff failed to demonstrate that he exhausted administrative remedies with the appropriate governmental agency before initiating his lawsuit). In this case, there is nothing in Plaintiff's complaint suggesting he attempted to exhaust available administrative remedies before initiating the present lawsuit. Accordingly, Plaintiff's FTCA claims must be dismissed without prejudice for failure to exhaust administrative remedies as required by Title 28, United States Code, Section 2675(a).

Additionally, to the extent Plaintiff seeks to assert claim under the FTCA against the Probation Office for the State of Tennessee, that claim must be dismissed because state entities and their employees are not subject to liability under the FTCA. Title 28, United States Code, Section 1346(b) applies to injuries for "loss of property, or personal injury or death caused by the

3

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, . . . ." The FTCA defines "employee of the Government" to include:

> (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.

28 U.S.C. § 2671. Under this definition, the Probation Office for the State of Tennessee and its employees do not qualify as "employees of the Government." Accordingly, Plaintiff's FTCA claim against the Tennessee Probation Office fails as a matter of law and will be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

                                           */s/ Travis R. McDonough*
                                           **TRAVIS R. MCDONOUGH**
                                           **UNITED STATES DISTRICT JUDGE**